SEYFERT v. EDISON.

1. When a rule to show cause is granted by a judge under rules 43 and 44, it should be immediately entered. Upon the granting and entering of such rule, the provisions of rules 30, 31 and 32 become appli-

cable to it, and it should be prosecuted and brought to argument in accordance therewith, if sufficient time intervene before the next term.

2. The date of such a rule is to be considered as expressing the time at which it was granted. For the correction of any error in that respect, application should be made to the judge who allowed it.

3. The application, when made within the four days succeeding the verdict, may be taken into consideration by the judge and afterwards granted. The time when a determination on the application is reached and announced by the judge is the time when the rule is granted within the meaning of the rules. That time ought to be expressed in the date of the rule.

Motion to discharge a rule to show cause why a new trial should not be granted, &c.

Argued at February Term, 1883, before Justices DIXON and MAGIE.

For the motion, *A. H. Strong.*

*Contra, G. D. W. Vroom.*

The opinion of the court was delivered by

MAGIE, J. This motion is pressed on the ground of a lack of diligent prosecution on the part of the party holding the rule.

The verdict was rendered December 18th, 1882. Application for a rule was immediately made in accordance with rule 43. The application was then or shortly afterwards understood to be granted, but no rule was signed until February 15th, 1883. The rule then signed was dated December 18th, 1882, and entered February 18th, 1883.

In favor of this motion it is insisted that the rule was not forthwith entered when granted, pursuant to rule 44, and that it was not prosecuted by delivering a state of the case, pursuant to rule 32, or by filing and serving the causes on which the motion for a new trial was rested, pursuant to rule 30, or by bringing on the argument at the next term, pursuant to rule 31.

It is contended for the party holding the rule (1) that his

Seyfert v. Edison.

rule was actually granted on February 15th, and was thus forthwith entered on February 18th, within the meaning of rule 44, and that (the next term commencing February 20th,) there was no laches under rules 30, 31 and 32; and (2) that a rule, when granted by a judge at Circuit under rules 43 and 44, is to be prosecuted as it would have been before the adoption of those rules, and as if application therefor had been made to the court at the next term and then allowed.

It is further insisted that a practice has obtained in conformity with the latter contention. Upon inquiry, we find the practice to be quite unsettled. For this reason we are unwilling to deprive the party of the benefit of the rule he has obtained. But it seems proper to indicate what we consider the proper practice.

Rules 43 and 44, while requiring an application for a rule to be made within four days after verdict, are evidently not intended to impose on the judge the duty of an immediate decision thereon. In the pressure of Circuit business, such a requirement would be unjust to parties. The application frequently demands most careful consideration, involving an examination of the notes of evidence and a general reconsideration of all the occurrences of the trial. So the rules refrain from requiring a decision within any specified time, but simply require that the rule, when granted, shall be forthwith entered by the clerk, &c. The ordinary practice has therefore correctly construed these rules as authorizing the judge to grant the application, although after the four days, whenever he has had time to consider it and to come to a determination thereon.

The time when such determination is reached and announced is the time when, within the meaning of these rules, the rule to show cause is granted. It is then the duty of the party applying to have the rule signed and forthwith entered.

This requirement, in my judgment, makes it plain that the construction contended for in this case cannot be accorded to these rules. If it was intended that the rule was to be prosecuted as before, there was no necessity for requiring an imme-

diate entry of the rule. An entry at the next term would be sufficient. The provision for immediate entry shows that these rules were intended to expedite the proceeding. When the rule is entered as thus required, it becomes at once subject to rules 30, 31 and 32, and must be prosecuted in accordance with their requirements.

If the time intervening between the granting of the rule and the next term be insufficient to permit the rule to be prepared for argument as required by these rules, or to give due notice of argument, then doubtless the rule would not be discharged for lack of prosecution. In such case there would be special cause for continuing the rule within the provision of rule 31.

But it is contended that this rule is to be considered as granted on February 15th, and not on the day of its date. The admissions of counsel on the argument leave the time when the rule was granted, within the construction above given to the rules, uncertain. It is admitted that it was signed on February 15th. But the date of the rule must be taken by us to be the time when it was granted. It is inserted for that purpose. If the application has been retained for consideration and afterwards granted, the rule ought properly to show these facts. If it is alleged that the rule is in these respects incorrect, a question is presented which this court cannot settle. For the correction of such an error, application ought to be made to the judge who allowed the rule.

The rule in this case must be considered as granted at its date, and ought to have been then entered and prosecuted. But the rules do not require a discharge of a rule to show cause as a penalty for failing to enter it forthwith, or for a failure to serve and file the causes and state of the case. If the laches of the party in these respects produce the effect of preventing the rule being prepared for argument at the next term, that penalty ought to be inflicted. And so rule 31 requires a discharge of the rule, if not thus brought to argument, unless for special cause.

As in this case the practitioner relied on a practice which

would not have required the argument to have been brought on at the February Term, and since the rules respecting such practice have not been before construed by the court, it is considered that such a penalty ought not to be enforced at this time.

The motion is therefore denied, but without costs.